## MAGPIE GOLD MINING CO. v. SHERMAN.

A contention that a court of equity would not remove a corporate officer before instituting proceedings through corporate channels, unless they would be unavailing, does not apply to the case of a corporation suing to restrain its vice president, appointed by the president as managing agent, from further interfering with its business as such agent, and from incurring debts on its behalf, where it is not sought to deprive him of his office of vice president, or interfere with his interest as a stockholder.

When his term of office expires, the managing agent of a corporation can be removed from his position by the president who appointed him.

When a managing agent of a corporation refuses to surrender possession of the corporate property, and threatens to continue to act as agent after expiration of his term, and to divert corporate funds, property and machinery, and to incur debts on its behalf which might involve it in serious litigation, a court of equity may prevent such threatened injury by injunction, and restrain defendant from further interference with its property.

The managing agent of a corporation, like any other appointed agent, is subject to removal when his term expires, and on request of a proper officer should turn over its business to the president, or such agent as the latter may appoint; and, where he refuses to surrender possession, and threatens to hold it and discharge the duties of such agent notwithstanding his discharge, he may be restrained by preliminary mandatory injunction, issued without notice, from further proceeding as such agent, and as an incident thereto the court may appoint some person to take the custody and care of the property till final trial of the action, to prevent threatened mismanagement by him of corporate affairs, and to restrain his interference with its property.

Where, in an action against the managing agent of a corporation for an accounting, defendant interposed a counterclaim for money expended by him, to which there was no replication, he is entitled to judgment for the amount thereof, and hence it was error, where the court found that he had fully accounted for moneys received by him, not to find also in his favor as to the amount of his counterclaim.

While mandatory injunctions are not favored by courts, they are permissible in special cases.

(Opinion filed, May 21, 1909.)

Appeal from Circuit Court, Pennington County. Hon. LEVI McGEE, Judge.

Action by the Magpie Gold Mining Company against James C. Sherman. From a judgment for plaintiff, defendant appeals. Modified and affirmed.

*Fred H. Whitfield,* for appellant.

A court of equity has no jurisdiction to remove the legally elected or appointed officers of a corporation, in the absence of a statute, on the ground of mismanagement of the affairs of the corporation, or neglect or other cause. The power of removal on this ground is in the corporation itself only. 3 Clark & Marshall on private corporations, p. 2046, Sec. 668c; Neall v. Hill, 16 Cal. 145; Robertson v. Bullions, 11 N. Y. 243; Hedges v. Paquet, 3 Or. 77; Bayless v. Orne, 1 Freem. Ch. (Miss.) 176; Cook, Stockholders, Sec. 746, p. 977; Will. Eq. Jur. Sec. 745; Verplanck v. Merc. Ins. Co., 1 Edw. 86; Latimer v. Eddy, 46 Barb. 61; Attorney General v. Utica Ins. Co., 2 Johns. Ch. 389; Owen v. Whitaker, 20 N. J. Eq. 122; Mech. Nat, Bk. of Newark v. Burnett Mfg. Co., 32 N. J. Eq. 238; Kean v. Union Water Co., 52 N. J. Eq. 813; Fadness v. Braunborg, 73 Wis. 257; Petty v. Tooker, 21 N. Y. 267; Gram v. Society, 36 N. Y. 161; Dykman v. Keeney, 154 N. Y. 483; North Hudson M. B. & L. 'Ass'n v. Childs, 82 Wis. 406, 52 N. W. 600; State v. Kupferle, 44 Mo. 154; Adamantine Brick Co. v. Woodruff, 4 Mc. & Mackey (Wash.) 318; Cicotte v. Anciaux, 18 N. W. 793; People v. Albany, etc., Ry. Co., 57 N. Y. 161; America, etc., Co. v. Toledo, etc., Ry. Co., 29 Fed. 416; Howe v. Deuel, 43 Barb. 504; Waterbury v. Merchants, etc., Co., 50 Barb. 157; People v. Albany, etc., Ry. Co., 55 Barb. 344; Belmont v. Erie Ry. Co., 52 Barb. 638.

No brief filed for respondent.

CORSON, J. This is an appeal by the defendant from a judgment entered in favor of the plaintiff, and from an order denying a motion for a new trial. The action was instituted by the plaintiff, a corporation, claiming to be the owner of certain placer mining properties in Pennington county, against the defendant, who was employed as its managing agent, and whose term of employment had expired, to restrain him from interfering with the further management of its properties, and for an accounting on the part of the defendant. The complaint is very lengthy, and we shall only attempt to give a brief summary of it in this opinion.

It is alleged in the complaint that the plaintiff is the owner of certain placer mining ground situated on Rapid creek, in Pennington county; that about one-half of said placer mining ground was pur-

chased from the defendant; that the defendant was employed by the plaintiff as its general manager of the said mining ground for a period of one year, by its president, under and by virtue of the powers conferred upon him by the by-laws of the plaintiff company; that soon after the expiration of the year, the said president notified the defendant that his term of employment had expired, and further notified him that he was discharged from his employment as managing agent, by the written notice, a copy of which is set out in the complaint; that the defendant, as general manager so in charge and control of plaintiff's mining operations, refused to surrender possession of the same to the plaintiff; that during the time said defendant has been in control of said property, the plaintiff has purchased placer mining machinery amounting with freight, to about $4,000, which said machinery and equipments was intrusted by the plaintiff to said defendant, and that the plaintiff has furnished and placed in the hands of said defendant as its general manager, large sums of money, to wit, about $2,200 to be used and expended by him in the establishment of the placer mining enterprise of the plaintiff, and to be used in placing said machinery, and erecting suitable buildings for the plaintiff's operations; that although the plaintiff furnished and delivered upon said mining ground all of the mining machinery and appliances required and recommended by him, the defendant has wholly disregarded his obligations and duties as such general manager, and has not placed said machinery in position to be used for the purposes for which it was intended, nor any part thereof, although said **machinery** had been on the ground, complete and ready to be placed, during the past six months, and the defendant has not used any of the money so placed in his hands for the benefit of the plaintiff nor for the benefit of its aforesaid enterprise, but has wholly disregarded the obligations to so use such money and funds and has failed, refused, and neglected to render any account or statement whatever, to the plaintiff, although the plaintiff, through its officers, has made frequent demands and requests for such statements; that plaintiff's extensive machinery furnished to the defendant by it, has been neglected, and carelessly thrown upon the ground, and allowed to remain unprotected by

any shelter, and been suffered to so remain during several months last past, until the same has become rusted and greatly injured and impaired, and that the said machinery is still so neglected, and suffered to remain without any protection whatever; that unless the defendant is enjoined and restrained by proper order of this court, he will continue to let the said machinery remain without shelter and without proper protection, and will continue to injure and defraud the plaintiff by incurring indebtedness on its account, but really for his own use and benefit, wherefore the plaintiff, demands judgment for a full and complete accounting by the defendant for the moneys intrusted to him, and which have been by him improperly misapplied, or fraudulently squandered or disposed of, or converted to his own use; that plaintiff have a temporary injunction restraining defendant from doing any of the wrongful acts and things complained of during the pendency of this action, and that on the trial of the same such injunction may be made perpetual.

To this complaint, a demurrer was interposed by the defendant, which was overruled by the court, and thereupon the defendant answered, admitting certain allegations alleged in the complaint, and denying certain others, "and for a further and affirmative defense and counterclaim herein, this defendant says and alleges: That it was a part of the agreement and contract under which defendant conveyed said Magpie placer to the plaintiff company that the plaintiff would furnish the sum of $6,000 for development work and machinery and that plaintiff failed and refused to furnish said sum of $6,000, or any part thereof, except the sum of about $5,200 in all, including the $2,200 furnished to defendant for the cost of the machinery and equipment, and that between $600 and $800 of the price and sum agreed to be furnished by plaintiff was never in fact furnished or expended according to the terms of said contract; that in addition to the said sum of $2,200 furnished to, and paid out by, defendant in the regular course as general manager of said company, the defendant paid out and expended large sums of money for the company's benefit, to wit, the sum of about $500, no part of which has ever been returned or repaid to this defendant." And the defendant for a further affirmative defense

alleges that this action was not brought in good faith, but for the purpose of depriving defendant of his stock and property rights in the plaintiff corporation, and was not brought for the benefit of said corporation, and demands judgment that the plaintiff's complaint be dismissed, and that he have and recover of the plaintiff judgment in the sum of $500 on account of moneys expended by him in plaintiff's behalf. Upon the filing of the complaint the court granted a temporary restraining order, as prayed for, and also appointed a custodian of the property pending the action. The case was tried to the court without a jury, and the court finds the facts, and concludes as a matter of law that the plaintiff is entitled to the relief demanded, and judgment was accordingly entered by which the plaintiff was adjudged to be entitled to the care and custody and full management of said property and its said business, and that defendant turn over to the plaintiff all of its property and effects, real and personal, in his possession, care, or custody; that the defendant be enjoined and restrained from taking or keeping any of the property, real or personal, of said plaintiff, or incurring any indebtedness on account of plaintiff, and that the plaintiff recover from the defendant all its costs and disbursements in the action. A motion for a new trial was made and denied.

The court, after finding the preliminary matters set out in the complaint, finds that the allegation contained in the eighth count or paragraph of plaintiff's complaint is true as therein alleged. This paragraph in the complaint is, in substance, as follows: That during the time that said defendant had been in the sole control of the property, effects, and business and placer mining operations of the plaintiff, the plaintiff had purchased and furnished to the defendant machinery of the value of about $4,000; that it had furnished to the defendant $2,200 to be used in the establishment of the said mining enterprise. And the court by its seventh finding finds that the defendant had expended the said sums, and fully accounted therefor, and by its eighth finding finds that the defendant had been duly discharged from his employment; that the plaintiff had duly demanded immediate surrender of its property; that the defendant refused to comply and wholly ignored and wrongfully

and unlawfully continued to hold and detain from the plaintiff the possession of said mining ground and property under and by virtue of his said office as general manager. And by its ninth finding the court finds that the defendant had no right to the custody, control, or possession of the property of the plaintiff corporation at any time mentioned in the amended complaint or answer, except as its general agent or servant, subject at all time to the supervision, direction, and control of its president.

The counsel for defendant proposed findings in which, among other things, it requests the court to find "that in addition to said sum of $2,200, which was furnished by the plaintiff, the defendant expended money of his own, in and about the management, operation, and construction of said works of the plaintiff, and incurred, for expenses on behalf of said plaintiff, the sum of $500, no part of which has ever been paid." But this finding was refused by the court, to which the defendant duly excepted.

It is contended by the appellant that the action cannot be maintained in a court of equity to remove a corporate officer from his office, before proceedings have been instituted through corporate channels, unless it is shown that such corporate efforts would be unavailing. It is disclosed by the record in this case that the defendant, in addition to being a general manager of the plaintiff, was also interested as a stockholder, and was vice president of the company. It will be noticed, however, from the allegations and prayer of the complaint that it was not sought by the plaintiff to deprive defendant of his office of vice president of the corporation, or interfere with his interests as a stockholder therein, but that the purpose and object of the action was to restrain him as managing agent, which office he held by appointment of the president, from further interfering with the business of the corporation as such managing agent, and to restrain him from incurring debts on behalf of the company. The contention, therefore, of the appellant, that a court of equity would not remove a corporate officer from his office has no application to this case, and the contention of the appellant is therefore clearly untenable. In the view we take of the case the fact that the plaintiff was vice president of the company, and interested therein as a stockholder, is

entirely immaterial, as his position as manager of the corporation and its corporate property was simply that of an agent, and that he could be removed from the position of such managing agent, when his term of employment expired, by the president of the company, by whom he had been appointed. Clearly in such a case, where such managing agent refuses to surrender possession of the property to the plaintiff, who was the legal owner of the property, and was threatening to continue as such managing agent, and to divert the funds of the company, its property, and machinery from their proper use, and to incur debts on behalf of said company which might involve it in serious litigation, a court of equity has jurisdiction to interpose, by its power of injunction, to prevent such threatened injury, and to restrain the defendant from further interference with the property of said company. The learned counsel for the appellant has cited a large number of authorities in support of his theory of the case, but which, in our view, have no application to the case as presented by this record.

The second proposition of the appellant is that, in an action by a solvent corporation against one of its officers, a court of equity has no power to supend such officer by a preliminary mandatory injunction, issued without notice, and to appoint a custodian with full powers of a receiver of the corporate property, pending the action, and direct the defendant officer to deliver all of the the company's property to said receiver. This contention on the part of the appellant, like the former one, proceeds upon a clearly erroneous theory that the managing agent, appointed to take charge of the company's property and conduct its mining business, is to be regarded as an officer of the company. Clearly this is an incorrect theory. The managing agent, like any other agent, appointed by the company, is subject to removal when the term of his employment has expired, and it is the duty of such agent, upon request of the proper officer of the corporation, to turn over the business of the company to the president, or such agent as he may appoint; and, where he refuses to surrender up the possession of the property, and threatens to continue to hold it, and to discharge the duties of such managing agent, notwithstanding his discharge by the company, a court of equity clearly has jurisdiction to re-

strain him from further proceeding as such managing agent, and as an incident to appoint some person to take the custody of and care for the property, until the final trial of the action. This was apparently what the court did in the case at bar. A power must be vested in some court to protect a corporation from a threatened mismanagement of the company's affairs by its managing agent, and we are of the opinion that a court of equity is fully authorized to exercise such control over the managing agent of a corporation, and to enjoin and restrain him from continuing to retain possession of the company's property, and neglect its business, calculated to result in permanent injury to the property of the company. The court was clearly right, therefore, in granting the temporary restraining order, and, under the facts as found by the court, in making the order perpetual.

It is further contended by the appellant that, in an action brought by a corporation against its managing agent for an accounting, the defendant is entitled to judgment for the balance shown to be due him for moneys expended for the corporation in excess of funds furnished him by the corporation, in the absence of proof of fraud or misconduct on his part. The court in its findings in this case simply finds "that the defendant has expended all of the money that came into his hands from the plaintiff in the prosecution of its mining operations, and has fully accounted therefor." And the court in its judgment does not award to the plaintiff any sum whatever as against the defendant, except the costs and disbursements in the action.

It is evidently the theory of the appellant that by his answer he interposed a counterclaim for $500, to which there was no replication, and he is therefore entitled to judgment for that amount. We are inclined to take the view that the appellant is right in this contention. The court found that the defendant had fully accounted to the plaintiff for the moneys received by him from the plaintiff; and, the defendant having alleged as a counterclaim that he had expended about the sum of $500 over and above what he had received, to which there was no replication by the plaintiff, the court should have adjudged upon its findings that the defendant was entitled to that sum from the plaintiff. Hence the

judgment of the court, in so far as it failed to adjudge this amount in favor of the defendant, is erroneous, and must therefore be modified by inserting in the judgment that the defendant have and recover of the plaintiff the sum of $500 so admitted to be due the defendant by the failure of the plaintiff to file any reply denying the allegations of the counterclaim, with interest. While mandatory injunctions are not favored by the courts, they are nevertheless permissible in certain special cases. High on Injunctions, § 358; 22 Cyc. 742. And in our opinion, the case at bar comes within the class of special cases.

The views herein expressed lead to a conclusion that the judgment of the court below should be modified by inserting therein a clause adjudging the defendant to be entitled to recover of the plaintiff the sum of $500, with interest, and dividing the costs of the action equally between the plaintiff and the defendant, and the judgment of the court, when so modified, should be affirmed. The circuit court is therefore directed to modify its judgment in accordance with the foregoing opinion; and, in view of such modification, neither party will recover costs in this court as against the other party, except as to the clerk's fees, which must be paid by the respondent.